UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ERIC BOWERS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTHEAST KANSAS CITY CHAMBER OF COMMERCE,<br><br>Serve at:<br>Registered Agent, Jon Henderson<br>2657 Independence Blvd. Suite 101<br>Kansas City, MO 64124<br><br>　　　　　Defendant. | **JURY TRIAL DEMANDED**<br><br>Case No. 4:20-CV-20 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Eric Bowers ("Bowers"), by and through his undersigned counsel, and hereby states for his Complaint against defendants Northeast Kansas City Chamber of Commerce ("Defendant") as follows:

**SUMMARY OF THE ACTION AND PARTIES**

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2. Plaintiff is a full-time, self-employed professional photographer who resides in Kansas City, Kansas.

3. Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts architectural subjects of significance in the Kansas City, Missouri metro area. Plaintiff's portfolio was years in the making.

4. In particular, the Work depicts the Kansas City skyline at sunrise.

5. To create the Work, Plaintiff used professional-grade photography and editing equipment that he purchased for thousands of dollars.

6. To create the Work, Plaintiff invested many hours of his professional time.

7. Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Work that Defendants used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

8. Defendant is a Missouri corporation with its principal place of business inside of Missouri.

9. Defendant is located at 1000 W. 70th St., Kansas City, Jackson County, Missouri. See **Exhibit 1**, from Defendants' website.

10. Upon information and belief, Defendant copied Plaintiff's copyrighted Work from the internet in order to advertise, market and promote its business activities specifically in Jackson County, Missouri.

11. Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting its business to the public in the course and scope of Defendant's business.

## JURISDICTION AND VENUE

12. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

14. Defendant is subject to personal jurisdiction in Missouri because Defendant can be found at its location in Jackson County, Missouri within this District; upon information and belief, its members reside in this district. Defendant is subject to personal jurisdiction in Missouri because Defendants took and used Plaintiff's Work depicting the Kansas City metro area to reach out to customers specifically in Jackson County, Missouri in order to promote Defendant's business in Jackson County, Missouri.

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Kansas City, Jackson County, Missouri in this District. Upon information and belief, Defendant engaged in infringement in this District, and Defendant is subject to personal jurisdiction in this District and resides or can be found in this District.

## THE COPYRIGHTED WORK AT ISSUE

16. In or about 2014, Plaintiff created a photograph entitled "downtown_kansas_city_skyline_sunrise_observation_park", which is shown below, on the next page, and referred to throughout as the "Work."



17. Plaintiff registered the Work with the Register of Copyrights on August 5, 2015 and was assigned the registration number "VA 1-979-291." The Certificate of Registration for the Work is attached hereto as **Exhibit 2** and incorporated herein by reference.

18. The Work is an artistic rendering of the downtown the Kansas City skyline at sunrise.  To create the Work, Plaintiff took a series of photographs of the city skyline and digitally edited and retouched lighting and "special effects" in the photo to create the final copyrighted image.

19. For example, Plaintiff employed special artistic skill to make the building in the foreground appear to "glow" in the morning light, and to make the sky appear rich in blues and greys even in the low light conditions.

20. At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## DEFENDANT'S COPYRIGHT INFRINGEMENT IN 2017

21. Back in 2017, Plaintiff found Defendant's unauthorized use of a different one of Plaintiff's photographs entitled "IMG_5896_copy1" with the USCO certificate VA 1-979-291.

22. Plaintiff's attorney at the time, David Deal, attempted to resolve that instance of copyright infringement with Defendant by sending a notice of copyright infringement. **Exhibit 5**.

23. Defendant responded that its infringement of "IMG_5896_copy1" was innocent and told Plaintiff they would cease and desist further use of Plaintiff's copyrighted photographs.

24. Plaintiff, relatively new to the prosecution of his copyrights, decided to accept Defendant's explanation and its apology for using his copyright, and chose not to file suit against Defendant despite not receiving any sort of settlement payment.

25. Plaintiff was assured that no further infringement of his copyrights would occur now that Defendant was well aware of Plaintiff's copyrights.

## DEFENDANT'S COPYRIGHT INFRINGEMENT IN 2019

26. Defendant has never been licensed to use the Work at issue in this action for any purpose.

27. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

28. Defendant copied Plaintiff's copyrighted Work without Plaintiff's permission.

29. After Defendant copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its business.

30. Specifically, Defendants placed the Work on "https"//nekcchamber.com" (the "Website"), a website that Defendant owned, controlled, and operated.

31. Defendant's display of the Work was repeated and continuous.

32. Defendant displayed the Work in at least two discrete locations. *See* **Exhibit 3** and **Exhibit 4** from Defendant's Website.

33. Defendant displayed the Work to market its business.

34. Upon information and belief, Defendant's displayed the Work beginning sometime after the 2017 infringement of the other copyrighted photograph, in late 2017 or early 2018.

35. Defendant's display of the Work is captured on their website in the following screenshot:



36. Defendant copied and distributed Bowers' copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling Defendant's goods and services.

37. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or trade secrets.

38. Defendant committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

39. Plaintiff never gave Defendant permission or authority to copy, distribute, or display the Work at issue in this case.

40. After Plaintiff discovered the current infringement, Plaintiff reached out to his current counsel for advice on handling Defendant's repeat infringement.

41. Plaintiff had been assured that no further infringement of his copyright would occur and yet Defendant was once again using another of Plaintiff's copyrighted photographs.

42. Plaintiff notified Defendant, through his counsel and in writing, of the allegations set forth herein on November 7, 2019 and attempted to settle this matter amicably and for a minimum of expense with Defendants.

43. After infringing on Plaintiff's copyright the first time, Defendant should have known better than to continue to use Plaintiff's photographs without authorization.

44. Defendants' infringement is willful and malicious because Defendants knew they did not have a license or were otherwise authorized to use the Work, Defendant did not immediately remove the image upon being informed of their copyright infringement, and because Defendant has a history of infringing on Plaintiff's photographs.

45. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee for their representation in this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

32. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

33. Plaintiff owns a valid copyright in the Work at issue in this case.

34. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

36. Defendants performed the acts alleged in the course and scope of its business activities.

37. Plaintiff has been damaged.

38. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Eric Bowers prays for judgment against Defendant such that:

    a. Defendant and its agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.
_____

Nathan E. Ross, #51166 MO
nate@rossvoytas.com
Richard A. Voytas, Jr., #52046 MO
rick@rossvoytas.com
Nathan K. Bruns, #71812 MO
bruns@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorneys for Plaintiff Eric Bowers